IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DORIS BRADFORD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> MARY, QUEEN OF ANGELS, INC. ) <br> ) <br> Defendant. ) | No.: _____ <br><br><br> JURY TRIAL |

## COMPLAINT

Plaintiff, DORIS BRANDFORD, by and through her attorneys, alleges for her Complaint as follows:

### I. INTRODUCTION

1. Plaintiff brings this action against Mary, Queen of Angels, Inc. for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. §§ 2601.

### II. THE PARTIES

### A. THE PLAINTIFF

2. Plaintiff, Doris Bradford, currently resides in Nashville, Tennessee and is a citizen of the United States.

3. Plaintiff was hired by Defendant in approximately 2005.

4. Plaintiff is an FMLA "eligible employee," specifically under 29 U.S.C. Section 2611(2)(A).

1

## B. THE DEFENDANT

5. Defendant, Mary, Queen of Angels, Inc.is located within the Middle District of Tennessee and is an employer within the provisions of the FMLA, specifically under 29 U.S.C. Section 2611(4)(A).

6. At all times material to this action, Defendant has been engaged in commerce as defined by § 2611(1) of the FMLA.

7. The Defendant is bound by the rules and regulations of the Family and Medical Leave Act, and the rules and regulations of the Tennessee Disability Act (TDA).

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

9. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)-(c).

## IV. FACTS

10. Defendant hired Plaintiff to work as a caregiver on the day shift where, in 2009, she worked full time from approximately 7:00 a.m. to 3:00 p.m.

11. In August of 2009, Plaintiff requested a medical leave of absence for surgical intervention (colectomy) and related colon issues.

12. Plaintiff did give sufficient information about the nature of her condition and the length of absence to qualify for designation under the FMLA. Moreover, Plaintiff's physician completed medical paperwork indicating the need for leave and estimating a return to work date of November 5, 2009.

13. Defendant approved Plaintiff's leave of absence, though it interrupted and delayed her return to work until approximately November 19, 2009.

14.     Instead of returning Plaintiff to a same or similar position, with equal pay and benefits, Defendant reduced Plaintiff's hours and therefore her pay, in increasing fashion.

15.     On or about February 14, 2010, Defendant removed Plaintiff from its workforce altogether by not scheduling her to work at all. Defendant claimed a "lack of work" when, in reality, the work did exist and other caregivers were undergoing orientation.

16.     Plaintiff has suffered lost wages and lost benefits from the change in employment status, and eventual termination of her employment. She seeks these damages along with attorneys fees and costs provided by statute.

## V. COUNT ONE—FMLA

17.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-16 herein. By its actions herein, Defendant violated the provisions of Section 2615(a)(1) of the FMLA by interfering with, restraining and/or denying Plaintiff the exercise of or the attempt to exercise her rights under the FLMA, to wit the immediate right of reinstatement to the same or substantially similar job without interference.

## VI. COUNT TWO—FMLA

18.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-16 herein. By its actions herein, Defendant violated the provisions of Section 2615(a)(2) of the FMLA by demoting, reducing her hours, removing her benefits, and/or discharging and/or unlawfully discriminating against the Plaintiff for exercising her rights under the FMLA.

## VII. PRAYER FOR RELIEF

19.     WHEREFORE, the Plaintiff prays for the following relief:

    A.     That proper process issue along with a copy of this complaint requiring the

3

Defendant to appear and answer;

B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay, plus an equal amount of liquidated damages and/or prejudgment interest;

C. Any actual monetary loss sustained by the Plaintiff, plus an equal amount of liquidated damages and/or prejudgment interest;

D. Reasonable attorneys' fees;

E. The costs and expenses of this action;

F. Such other legal and equitable relief to which Plaintiff may be entitled including Reinstatement; and

G. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER PLC**

/s Justin S. Gilbert

Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
101 North Highland Avenue
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com

ATTORNEYS FOR PLAINTIFF